IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICK EUGENE GIVENS, | § | |
|      Petitioner, | § | |
| | § | |
| V. | § | A-06-CV-135-SS |
| | § | |
| DOUG DRETKE, Director, Texas Dept. of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
|      Respondent. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 8).  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.**    **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 390th Judicial District Court, Travis County, Texas in cause

number 2035142.  Ex parte Givens, Appl. No. 17,688-02 at 10-13.  Petitioner was charged with the

second degree felony offense of Robbery, and on June 9, 2004, pleaded guilty to the lesser included

offense of Theft From a Person, as well as "true" to the two enhancement paragraphs alleged in the

indictment.  Id. at 5-13.  Petitioner admits he did not appeal his conviction.

He did, however, challenge his conviction in a state application for habeas corpus relief.  On

June 3, 2005, Petitioner filed his state application.  Ex parte Givens, Appl. No. 17,688-02 at 14.  The

Texas Court of Criminal Appeals denied Petitioner relief without written order on February 1, 2006.

Id. at cover.  Petitioner subsequently filed his federal application for writ of habeas corpus relief on

February 20, 2006.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      Petitioner received an illegal sentence;

2.      His sentence was illegally enhanced from a Class B misdemeanor to a Second Degree
        felony, when at worst it should have been a state jail felony; and

3.      Petitioner's counsel provided ineffective assistance.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding

the claims brought in this application.  A review of the state court records submitted by Respondent

shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.    The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254.  Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision."  Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).   The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court.   See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

The Fifth Circuit has held that, because a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when state habeas relief is denied without an opinion. Schaetzle v. Cockrell, 343 F.3d 440, 443 (5th Cir. 2003) (citing Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001), cert. denied, 535 U.S. 982, 122 S. Ct. 1463 (2002); Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision."), cert. denied, 537 U.S. 1104, 123 S. Ct. 963 (2003)).  With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.      Illegal Sentence Claim**

In his first ground for relief, Petitioner argues his sentence is illegal because there are no established criteria for the offense of Theft From a Person and because the indictment was vague by "[failing to allude type of]." Petitioner is unclear in his statement that there are no established criteria governing the offense of Theft From a Person.  The Texas Penal Code states that, "[a] person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE § 31.03(a).  Further, the Code specifies different ways in which theft can occur, one of which is when property is stolen from a person.  See Generally, TEX. PENAL CODE § 31.  Even if the name of the offense could be categorized as a defect, Petitioner waived such defect upon entering a valid guilty plea.

A valid guilty plea constitutes a waiver of all non-jurisdictional defects and defenses.  Hayes v. Smith, 447 F.2d 488, 488 (5th Cir. 1981); Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982).   Once a criminal defendant has entered a guilty plea, all non-jurisdictional defects in the proceedings are waived except claims of ineffective assistance of counsel relating to the voluntariness of the plea.  Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (citing Barrientos, 668 F.2d at 842). Petitioner does not claim that he involuntarily pleaded guilty, that he did not understand the charges against him, or that, but for counsel's alleged ineffective assistance, he would not have pleaded guilty. See United States v. Broce, 488 U.S. 563, 569-70, 109 S. Ct. 757, 762 (1989); United States v. Smith, 844 F.2d 203, 209 (5th Cir. 1988) (quoting Hill v. Lockhart, 474 U.S. 52, 60, 106 S. Ct. 366, 371 (1985)).

Petitioner also alleges the indictment was vague, but he fails to state with clarity the exact defect in the indictment.  Even so, the sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." McKay v. Collins, 12 F.3d 66, 68 (5th Cir.), cert. denied, 553 U.S. 854, 115 S. Ct. 157 (1994); Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993).   "For an indictment to be 'fatally defective,' no circumstances can exist under which a valid conviction could result from facts provable under the indictment."  Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988), cert. denied, 489 U.S. 1086, 109 S.Ct. 1546 (1989).  State law determines whether an indictment is sufficient to vest jurisdiction in the state trial court.  Williams v. Collins, 16 F.3d 626, 637 (5th Cir.), cert. denied, 512 U.S. 1289, 115 S.Ct. 42 (1994).  Consideration of the sufficiency of an indictment is foreclosed in federal proceedings if the state's highest court has determined that the indictment is sufficient. Yohey, 985 F.2d at 229; Morlett, 851 F.2d at 1523.

5

In the present case, Petitioner challenged the sufficiency of the indictment in his state application for habeas corpus review. The Texas Court of Criminal Appeals denied Petitioner's application without written order. The Texas Court of Criminal Appeals in declining to grant relief has necessarily held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose. McKay, 12 F.3d at 68 (citing Alexander v. McCotter, 775 F.2d 595, 599 (5th Cir. 1985)). Accordingly, this Court is precluded from finding that the indictment was so defective that it divested the state trial court of jurisdiction.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

## C.    Illegal Enhancement

In his second ground for relief, Petitioner argues the trial court illegally enhanced his sentence from a Class B misdemeanor to a Second Degree felony, when at worst it should have been a State Jail felony. As explained above, all non-jurisdictional defects in the proceedings, including the claim relating to the enhancement paragraphs, were waived upon pleading guilty. Hayes v. Smith, 447 F.2d 488, 488 (5th Cir. 1981); Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982).

Moreover, the record reflects Petitioner was originally charged with Robbery, a violation of Texas Penal Code § 29.02, with two enhancement paragraphs. Ex parte Givens, Appl. No. 17,688-02 at 2-3. Petitioner pleaded guilty in exchange for a reduction to the lesser included offense of Theft From a Person in violation of Texas Penal Code § 31.03. Ex parte Givens, Appl. No. 17,688-02 at 6. Because Petitioner had previous felony convictions for Robbery and Burglary of a Habitation, the

6

state jail felony punishment was enhanced to a second degree felony with a punishment of two to twenty years incarceration and a fine not to exceed $10,000. TEX. PENAL CODE § 42.12 (a)(2); Ex parte Givens, Appl. No. 17,688-02 at 6. Petitioner acknowledged this as his possible punishment when he entered his guilty plea. Id.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

## D.    Ineffective Assistance of Counsel

In his final ground for relief, Petitioner argues he was denied effective assistance of counsel. Petitioner raised this same issue in his state application for habeas corpus relief. The state courts rejected the merits of Petitioner's claim.

Petitioner's voluntary guilty and true pleas operated as a waiver of all non-jurisdictional defects and defenses, except claims of ineffective assistance of counsel relating to the voluntariness of his plea. Hayes v. Smith, 447 F.2d 488, 488 (5th Cir. 1981); Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (citing Barrientos, 668 F.2d at 842). In Hill v. Lockhart, the Supreme Court held that the two-prong test enunciated in Strickland v. Washington applies to cases involving guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985). Under Strickland, a defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). A reviewing court need not consider the deficiency prong if it concludes that the defendant has failed to demonstrate prejudice. Id. at 697,

104 S. Ct. at 2069.   Under <u>Hill</u>, a defendant who pleads guilty can satisfy the prejudice test of <u>Strickland</u> only by alleging that, but for counsel's errors, he would have pleaded not guilty and insisted on going to trial.   <u>Hill</u>, 474 U.S. at 59, 106 S. Ct. at 370.

 Petitioner here makes no specific allegations as to any deficiency in representation by defense counsel, nor does he make any claim regarding the voluntariness of his guilty plea.   He states only that counsel is ineffective because he was "being named as the Petitioner in the standing cause subjected to and incapacitated by having to refer to the expertise of counsel.   It's therefore assumed by conventional society-in a legal remedy that Petitioner lack of Reasonable Aptitude."   [Federal Application at 7].

 Petitioner acknowledged in the plea agreement that he knew the nature of the charge and was aware of the consequences of his plea.   <u>Ex parte Givens</u>, Appl. No. 17,688-02 at 6-9.   The trial court also found that his plea was knowingly and voluntarily entered and that he had been warned of the consequences of his guilty plea, including the minimum and maximum punishment provided by law. <u>Id</u>. at 11.   Petitioner fails to raise any claim regarding the voluntariness of his plea, and he waived his stated claim upon entering a guilty plea.

 Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.   Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 12th day of June, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE